# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAGUNA COMMERCIAL CAPITAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-13773** |
| **RESOURCES FOR BETTER HEALTH, LLC and RICHELLE LLOYD** | **SECTION: T(3)** |

## ORDER

Before the Court is a Motion for Relief from Order [R. Doc. 18][1] filed by Laguna Commercial Capital, LLC ("Plaintiff"). No opposition has been filed. For the following reasons, the Motion for Relief from Order [R. Doc. 18] is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on December 14, 2018 against Resources for Better Health LLC ("RBH") and Richelle Lloyd (Lloyd").[2] Plaintiff brings claims for breach of contract, fraud, and related Louisiana torts.[3] Specifically, Plaintiff asserts RBH breached a February 6, 2018 agreement entitled "Accounts Receivable Purchase & Security Agreement."[4] Plaintiff further asserts Lloyd is liable for RBH's breach because Lloyd personally guaranteed performance of all RBH's obligations under the agreement.[5]

On April 11, 2019, the Court ordered Plaintiff to file returns of service on or before May 3, 2019.[6] On May 6, 2019, the Court found that Plaintiff properly filed returns of service of summons into the record, and ordered Plaintiff to obtain responsive pleadings or preliminary

---

[1] R. Doc. 20.
[2] R. Doc. 1.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶25.
[5] R. Doc. 1, ¶25.
[6] R. Doc. 13.

1

defaults on the served defendants before May 24, 2019.[7] The Court indicated that the Plaintiff's failure to obtain responsive pleadings or preliminary defaults would result in dismissal for failure to prosecute.[8]

On May 13, 2019, Lloyd filed a *pro se* First Motion of Extension of Time to Respond.[9] Although no motion was filed by RBH, Plaintiff's counsel assumed Lloyd would defend RBH in the litigation because Lloyd is RBH's only member and because Lloyd has only been sued in her capacity as RBH's guarantor.[10] Under this assumption, Plaintiff's counsel neglected to obtain a responsive pleading or preliminary default against RBH before the May 24, 2019 deadline. Therefore, the Court dismissed Plaintiff's claims against RBH for failure to prosecute.[11] The Court also granted Lloyd's motion for an extension of time to respond.[12] When Lloyd failed to timely respond, Plaintiff moved for an entry of default against to Lloyd,[13] which was entered on June 21, 2019.[14]

Plaintiff now moves for relief from the order dismissing Plaintiff's claims against RBH for Plaintiff's failure to prosecute under Rule 60(b) of the Federal Rules of Civil Procedure.[15]

## LAW AND ANALYSIS

It is well settled that a federal district court has inherent authority to dismiss a plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases.[16] A motion made pursuant to Federal Rule of Civil Procedure 60(b) must be equitably and liberally

---

[7] R. Doc. 16.
[8] R. Doc. 16.
[9] R. Doc. 17.
[10] R. Doc. 20-1, p.3.
[11] R. Doc. 18.
[12] R. Doc. 19.
[13] R. Doc. 21.
[14] R. Doc. 22.
[15] R. Doc. 20.
[16] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386,1388, 8 L.Ed.2d 734 (1962); *see also Castro v. Rain CII Carbon LLC*, 2013 WL 5232491, at *1 (E.D. La. Sept. 13, 2013).

applied to achieve substantial justice.[17] A technical error should not deprive plaintiff of an opportunity to present the true merits of his claims.[18] Nevertheless, the grant or denial of a motion to vacate judgment under Rule 60(b) is within the sound discretion of the district court, and will only be reversed upon a showing of abuse of this discretion.[19]

Rule 60(b) provides that one ground for relief from judgment is "mistake, inadvertence, surprise, or excusable neglect."[20] Plaintiff contends the judgment should be vacated because of Plaintiff's counsel's excusable neglect.[21] The determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[22] These circumstances include the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith.[23]

Plaintiff claims that the judgment should be vacated because there is no risk of prejudice to RBH, and there has been no appreciable delay.[24] Plaintiff's reason for delay was because Plaintiff's counsel made the decision not to seek entry of default against RBH in light of Lloyd's motion for an extension of time to answer and the relationship between Lloyd and RBH.[25] Plaintiff's counsel contends he acted in good faith and believed RBH's responsive pleadings would have been filed within the additional time requested by Lloyd.[26] Plaintiff's counsel further asserts

---

[17] *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981).
[18] *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) (*citing Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)).
[19] *Blois,* 612 F.2d at 940.
[20] Fed. R. Civ. P. 60(b).
[21] R. Doc. 20-1, p.7.
[22] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 381, 113 S.Ct. 1489, 1491, 123 L.Ed.2d 74 (1993).
[23] *See Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC*, 534 F.3d 469, 472 (5th Cir.2008).
[24] R. Doc. 20-1. pp.7-8.
[25] R. Doc. 20-1.
[26] R. Doc. 20-1, p.6.

that the default would have resulted in a judgment in excess of $300,000, and Plaintiff's counsel was concerned that seeking a default judgment under the circumstances was bordering on sharp practices.[27]

The Court finds that in the interest of substantial justice, Plaintiff's motion to vacate the judgment shall be granted because Plaintiff has established excusable neglect. Plaintiff's counsel believed giving RBH an opportunity to obtain counsel and respond before seeking entry of a default was appropriate under the circumstances, and Plaintiff filed this motion within days after the Court issued the judgment dismissing RBH.[28] Plaintiff shall not be permitted to miss any further deadlines and any future dismissal on procedural grounds shall not be vacated.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Relief from Order [R. Doc. 18][29] is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before November 15, 2019, Plaintiff's counsel is instructed to obtain a responsive pleading or preliminary default against Resources for Better Health LLC. Failure to do so will result in dismissal against Resources for Better Health LLC for failure to prosecute, without further notice.

**New Orleans, Louisiana**, on this 15th day of October, 2019.

                                            **GREG GERARD GUIDRY**
                                          **UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 20-1, p.6.
[28] R. Doc. 20.
[29] R. Doc. 20.